NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006253
19-MAR-2015
08:53 AM

NO. CAAP-13-0006253

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDWARD W. AYAU, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 12-1-0031)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Edward W. Ayau (Ayau) appeals from
a Judgment of Conviction and Sentence (Judgment), entered
November 4, 2013, in the Family Court of the First Circuit[1]
(family court). Judgment was entered against Ayau on four (4)
counts of Sexual Assault in the Third Degree[2] in violation of
Hawaii Revised Statutes (HRS) § 707-732(1)(b) (2014).[3] Ayau was

---

[1] The Honorable Michael D. Wilson presided.

[2] Ayau was indicted on six (6) counts of Sexual Assault in the Third
Degree, however, the family court granted Ayau's motion for judgment of
acquittal on two of the counts at the close of the State's case.

[3] HRS § 707-732(1)(b) provides:

§707-732 Sexual assault in the third degree. (1) A
person commits the offense of sexual assault in the third
degree if:

. . . .

(b)     The person knowingly subjects to sexual contact
another person who is less than fourteen years
old or causes such a person to have sexual
contact with the person[.]

convicted of sexually assaulting Minor 1 and Minor 2, ages 13 and 11, respectively, at the time of trial.

On appeal, Ayau asserts the family court (1) abused its discretion in denying his motion for a mistrial after Minor 2 broke down crying on the stand and failed to complete her testimony; (2) plainly erred in denying his motion for a mistrial given allegedly egregious prosecutorial misconduct related to Minor 2; (3) plainly erred by failing to inquire into Ayau's hearing difficulties, which deprived Ayau of meaningful participation in the trial; and (4) erred by finding that Ayau's post-arrest statement to police was voluntary under the totality of the circumstances.

In its answering brief, Plaintiff-Appellee State of Hawai'i (State) points out that the indictment is deficient because all six (6) counts of Sexual Assault in the Third Degree failed to allege that Ayau was aware that he was not married to the minors, which is an attendant circumstance of Sexual Assault in the Third Degree and should have been included in the charges. State v. Arceo, 84 Hawai'i 1, 15, 928 P.2d 843, 857 (1996); State v. Muller, CAAP-10-0000225, 2014 WL 444230, 131 Hawai'i 331, 318 P.3d 621, at *1 (App. Jan. 31, 2014) (SDO), cert denied 2014 WL 1758391. The State asks this court to adopt a standard requiring Ayau to show prejudice as a result of the deficient charges; however, as the State recognizes, the Hawai'i Supreme Court has dismissed deficient charges without prejudice, even when an appellant did not raise the issue on appeal. See State v. Armitage, 132 Hawai'i 36, 49, 319 P.3d 1044, 1057 (2014).

Ayau contends we still must address his arguments on appeal as his points of error raise issues that may bar reprosecution on double jeopardy grounds. We agree that Ayau's assertion of prosecutorial misconduct potentially raises double jeopardy considerations and we will therefore address that point of error. We need not address Ayau's other points of error.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate the Judgment, conclude that reprosecution is not barred, and remand to the family court with instructions to dismiss without prejudice the four (4) counts of which Ayau was convicted.[4]

**Ayau's claim of Prosecutorial Misconduct** Ayau contends the Deputy Prosecuting Attorney (DPA) committed egregious misconduct by purposefully calling Minor 2 to testify, even though the DPA allegedly knew Minor 2 would not be able to complete her testimony without crying, and in addition, the DPA made improper reference to Minor 2's stricken testimony during closing argument.[5] Ayau asserts both of these arguments for the first time on appeal.

> If defense counsel does not object at trial to prosecutorial misconduct, [the appellate court] may nevertheless recognize such misconduct if plainly erroneous. "We may recognize plain error when the error committed affects substantial rights of the defendant." State v. Cordeiro, 99 Hawai'i 390, 405, 56 P.3d 692, 707 (2002) (citations and internal quotation marks omitted). See also Hawai'i Rules of Penal Procedure . . . Rule 52(b) (2003) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). We will not overturn a defendant's conviction on the basis of plainly erroneous prosecutorial misconduct, however, unless "there is a reasonable possibility that the misconduct complained of might have contributed to the conviction." State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999).

---

[4]   The State may not reassert the two charges that were dismissed. State v. Lee, 91 Hawai'i 206, 210, 982 P.2d 340, 344 (1999) ("Any acquittal . . . implicates the double jeopardy clause, so long as it is based upon a finding that the evidence is insufficient to convict.").

[5]   Ayau frames this point of error as follows:

> The circuit court abused its discretion by denying Mr. Ayau's motion for a mistrial because the prosecutor committed egregious misconduct by calling one of the young complaining witnesses in order to elicit an emotional response and then improperly referring to her stricken "testimony" during closing argument.

Although Ayau admits that he did not raise prosecutorial misconduct in support of his motion for a mistrial, he asks us to recognize prosecutorial misconduct as plain error and asserts that the prosecutorial misconduct was so egregious as to bar reprosecution. We therefore review accordingly.

> State v. Wakisaka, 102 Hawai'i 504, 513, 78 P.3d 317, 326
> (2003). "[T]he decision to take notice of plain error must
> turn on the facts of the particular case to correct errors
> that 'seriously affect the fairness, integrity, or public
> reputation of judicial proceedings.'" State v. Fox, 70 Haw.
> 46, 56, 760 P.2d 670, 676 (1988) (quoting United States v.
> Atkinson, 297 U.S. 157, 160, 56 S. Ct. 391, 80 L. Ed. 555
> (1936)). Nevertheless, [the appellate] court's "'power to
> deal with plain error is one to be exercised sparingly and
> with caution because the plain error rule represents a
> departure from a presupposition of the adversary system--
> that a party must look to his or her counsel for protection
> and bear the cost of counsel's mistakes.'" State v. Aplaca,
> 96 Hawai'i 17, 22, 25 P.3d 792, 797 (2001) (quoting State v.
> Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993)).

State v. Rodrigues, 113 Hawai'i 41, 47, 147 P.3d 825, 831 (2006).

Thus, because Ayau alleges prosecutorial misconduct for the first time on appeal, "we must determine whether the prosecutor's comment was improper and, if so, whether such misconduct constituted plain error that affected [Ayau's] substantial rights." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996). If the DPA's conduct was improper and plain error, we must then decide if the misconduct was so egregious as to bar reprosecution. See State v. Rogan, 91 Hawai'i 405, 416, 984 P.2d 1231, 1242 (1999).

**a) Calling Minor 2 to Testify** Ayau contends that the DPA called Minor 2 to testify knowing that Minor 2 would not be able to complete her testimony. The record does not establish that the DPA improperly called Minor 2 to testify at trial.

The Hawai'i Supreme Court "has reiterated the view that: The prosecution has a duty to seek justice, to exercise the highest good faith in the interest of the public and to avoid even the appearance of unfair advantage over the accused." State v. Basham, 132 Hawai'i 97, 118, 319 P.3d 1105, 1126 (2014) (citation, internal quotation marks, and brackets omitted). An attempt to persuade a jury through deceptive or reprehensible methods is considered to be prosecutorial misconduct. State v. Palabay, 9 Haw. App. 414, 429, 844 P.2d 1, 9 (1992) (citation omitted).

4

Ayau's argument is based on a series of inferences.[6] However, the circumstantial evidence cited by Ayau and a review of the record as a whole does not demonstrate the DPA acted improperly in calling Minor 2 as a witness. First, the DPA's representations to the court indicate her belief that Minor 2 would be able to testify. Second, the DPA referenced the potential testimony of both Minor 1 and Minor 2 during opening statements. Third, the DPA's attempt to continue questioning Minor 2 once she began crying was not extensive and was understandable given the need for Minor 2's testimony to support the three counts alleging that Ayau abused her, a need underscored by the subsequent dismissal of two of the counts for lack of evidence. Lastly, the State's focus on a "single witness" was logical considering that the only eye witnesses were the two minors themselves, and that neither could testify completely to the alleged assault of the other. We thus conclude that the record does not establish misconduct by the DPA in calling Minor 2 as a witness.

**b) Closing Argument** Ayau further asserts that the DPA committed misconduct by allegedly referencing Minor 2's crying during closing argument, when the DPA stated: "When a child's voice is hard to hear[,] one must try to listen. And when a child's cry is confusing, one must try to understand." The State does not address this alleged misconduct in its answering brief.

Given the record, it appears reasonably possible that the DPA's reference to "a child's cry" was, or could be interpreted by the jury as, a reference to Minor 2's testimony, which was stricken by the court. Assuming that was the case, it would be improper. See State v. Yip, 92 Hawai'i 98, 111, 987

---

[6] Ayau contends the State emphasized throughout trial that the jury could convict Ayau based on the testimony of a single witness, despite there being two complaining witnesses; Ayau contends that the State only referenced Minor 1's testimony during opening statements; and Ayau contends the State continued to ask Minor 2 questions after she already started to cry, delaying the family court from calling a recess, quickly and adamantly declared that Minor 2 would not be able to testify anytime soon, and immediately suggested that the court strike her testimony.

P.2d 996, 1009 (App. 1999) ("In closing arguments, it is improper to refer to evidence which is not in the record or has been excluded by the court.").

However, even assuming that the DPA's closing argument was improper, it was not so egregious as to merit a bar to reprosecution. "[U]nder the double jeopardy clause of article 1, section 10 of the Hawai'i Constitution, [ ] reprosecution of a defendant after a mistrial or reversal on appeal as a result of prosecutorial misconduct is barred where the prosecutorial misconduct is so egregious that, from an objective standpoint, it clearly denied a defendant his or her right to a fair trial." Rogan, 91 Hawai'i at 423, 984 P.2d at 1249. "Double jeopardy principles will bar reprosecution that is caused by prosecutorial misconduct only where there is a highly prejudicial error affecting a defendant's right to a fair trial and will be applied only in exceptional circumstances . . . ." Id. at 423 n.11, 984 P.2d at 1249 n.11.

This is not the type of exceptional circumstance described in Rogan. See Rogan, 91 Hawai'i at 424, 984 P.2d at 1250 (holding that the prosecution's appeal to racial prejudice that had no objectively legitimate purpose was egregious and barred reprosecution). The DPA's alleged reference to Minor 2's crying amounts to a reference to material that was excluded by the court and arguably a plea to the jury's passion or pity. However, from an objective standpoint and because it was a brief comment during closing argument, the reference was not so egregious that it clearly denied Ayau his right to a fair trial. While we question the DPA's reference to "a child's cry" in this instance, we do not believe it is comparable to the misconduct in Rogan. See also State v. Espiritu, 117 Hawai'i 127, 144, 176 P.3d 885, 902 (2008) (holding that the prosecution's misstatement of the law was not egregious from an objective standpoint); State v. Pacheco, 96 Hawai'i 83, 98, 26 P.3d 572, 587 (2001) (holding that the prosecution's disregard of the trial court's in limine ruling and reference to the defendant as an "asshole" did not

amount to exceptional circumstances barring reprosecution); State v. Shabazz, 98 Hawai'i 358, 382-83, 48 P.3d 605, 629-30 (App. 2002) (holding that the prosecution's reference to race without a legitimate purpose was misconduct but was not so egregious as to bar reprosecution). We thus conclude that reprosecution is not barred.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, entered on November 4, 2013, in the Family Court of the First Circuit is vacated and this case is remanded with instructions to dismiss without prejudice the four (4) counts of which Ayau was convicted.

DATED: Honolulu, Hawai'i, March 19, 2015.

On the briefs:

Cynthia A. Kagiwada
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge